UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAM BADAWI,

    Plaintiff,

v.                                             Case No: 8:21-cv-1825-TPB-AAS

BRUNSWICK CORPORATION,
SEA RAY BOATS, INC., and
MARINEMAX EAST, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on "Defendants Brunswick Corporation & Sea Ray Boats, Inc.'s Motion to Dismiss Plaintiff's Complaint" filed on August 5, 2021. (Doc. 3). Plaintiff filed a response in opposition on October 8, 2021. (Doc. 16). Based on the motion, response, court file, and record, the Court finds as follows:

### Background[1]

On November 17, 2020, Plaintiff Sam Badwai purchased a boat from Defendant MarineMax East, Inc., for approximately $230,000. In the sale, MarineMax acted as the dealer and agent of the boat's manufacturers, Defendants Sea Ray Boats, Inc., and Brunswick Corporation (collectively, "Sea Ray").

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

MarineMax executed the purchase agreement on behalf of itself and Sea Ray. As part of the sale, Plaintiff received a Sea Ray limited warranty, which by its terms extended to the original retail owners of the boat. The warranty provided among other things that the selling dealer would "repair or replace, at its sole discretion, any defect in material or workmanship in the Sea Ray Sport Boat that is reported within the applicable warranty periods."

Plaintiff began experiencing numerous problems with the boat soon after the purchase. These included failures due to defects in the joystick piloting system, electrical wiring, engines, and bilge pump. In short, according to the complaint, "[t]he Vessel has never been in a good and working order and has continually been in need of repair." Between December 2020 and May 2021, Plaintiff had the boat serviced by MarineMax more than nine times, but the attempted repairs failed to remedy the problems. As a result, Plaintiff requested a rescission of the sale and related damages, but Defendants refused. Plaintiff alleges that Defendants knew or should have known of the defects in the boat when they supplied it, but failed to disclose the defects to the public, including Plaintiff. Plaintiff also alleges Defendants have failed to abide by the limited warranty because they have replaced the defective parts with other defective parts, resulting in a failure of the essential purpose of the warranty.

On June 29, 2021, Plaintiff filed suit in state court asserting claims against Sea Ray for violation of the Magnuson-Moss Warranty Act ("MMWA") (Count I), breach of express warranty (Count II), breach of implied warranty (Count III), and

violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV).  Plaintiff also asserted a claim against MarineMax for declaratory judgment, seeking a declaration that the purchase agreement is rescinded and "all equitable relief and actual damages available to Plaintiff against Defendant Marinemax . . . ."  (Count V).  Sea Ray removed the case to federal court and has moved to dismiss Counts I through IV.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions

or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Sea Ray moves to dismiss the express and implied warranty claims in Counts I, II, and III on the ground that these claims require privity of contract, which is absent here because Plaintiff bought the boat from MarineMax, not Sea Ray. Sea Ray also moves to dismiss the FDUTPA claim in Count IV on the grounds that the allegations fail to meet the requirements of Fed. R. Civ. P. 9(b) and that the complaint asserts a mere contract dispute rather than a FDUTPA claim.

### *Count I (Magnuson-Moss Warranty Act)*

Count I is a claim for breach of written warranty under the MMWA, 15 U.S.C. § 2301 *et seq*. While there is no controlling precedent on this point, most cases in Florida hold that a claim for breach of a written warranty under the MMWA does not require privity, and the Court is persuaded these decisions are correct. *See Thomas v. Winnebago Indus., Inc.*, No. 8:16-cv-177-T-23TGW, 2016 WL 3476868, at *1 (M.D. Fla. June 27, 2016); *Fed. Ins. Co. v. Lazzara Yachts of N. Am., Inc.*, No. 8:09-cv-607-T-27MAP, 2010 WL 1223126, at *6 (M.D. Fla. Mar. 25, 2010); *Zelyony v. Porsche Cars N. Am., Inc.*, No. 08-20090-CIV, 2008 WL 1776975, at *1 (S.D. Fla. Apr. 16, 2008); *Yvon v. Baja Marine Corp.*, 495 F. Supp. 2d 1179, 1183 n.4 (N.D. Fla. 2007); *Rentas v. DaimlerChrysler Corp.*, 936 So. 2d 747, 750-51 (Fla. 4th DCA 2006). Accordingly, Sea Ray's motion to dismiss Count I is denied.

### *Count II (Breach of Express Warranty)*

Florida law is not clear on whether privity is required for express warranty claims.  *See Baker v. Brunswick Corp.*, No. 2:17-cv-572-FtM-9MRM, 2018 WL 1947433, at *3 (M.D. Fla. Apr. 25, 2018) (noting that the "general rule" in Florida requires privity for an express warranty claim, but that "it is not clear that privity is always required" for such a claim); *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009) (describing the privity requirement under Florida warranty law as a "moving target").  Even if privity is generally required, the complaint in this case alleges that Sea Ray provided a written warranty that by its express terms extended to Plaintiff here as the "original retail owner."  As the court noted in *Fischetti v. Am. Isuzu Motors, Inc.*, 918 So. 2d 974, 976 (Fla. 4th DCA 2005), "[t]he manufacturer can hardly be heard to resurrect a common law requirement of privity when it has itself voluntarily provided a warranty that runs in favor of remote purchasers of its product."  The *Fischetti* court accordingly rejected lack of privity as a bar to an express warranty claim under circumstances identical in principle to those alleged here.  Accordingly, Sea Ray's motion to dismiss Count II is denied.

### *Count III (Breach of Implied Warranty)*

Florida law generally requires privity for implied warranty claims.  *See, e.g., Smith*, 663 F. Supp. 2d at 1342.  Plaintiff alleges, however, that Sea Ray controlled the marketing and sale of the boat, that the seller, MarineMax, executed the purchase agreement on behalf of Sea Ray, and that MarineMax acted as Sea Ray's

agent in connection with the sale. Depending on the specific facts ultimately established, if Plaintiff can demonstrate an agency relationship between MarineMax and Sea Ray, the privity requirement may be satisfied. *See Baker*, 2018 WL 1947433, at *3-4, 5-6. Accordingly, the Court denies the motion to dismiss as to Count III. As the court noted in *Baker*, however, whether Plaintiff can meet the burden to establish that an agency relationship existed between MarineMax and Sea Ray "is a question for another day." *Id.* at *4 n.5

### *Count IV (FDUTPA)*

Sea Ray moves to dismiss Plaintiff's claim under the FDUTPA, § 501.201, *et seq.*, *F.S.*, on the ground that it fails to meet Rule 9(b)'s requirement that claims sounding in fraud be pled with particularity. Assuming the particularity requirement applies to Plaintiff's FDUTPA claim, the complaint sufficiently identifies the complained-of misstatements or omissions, when and where they were made, the persons who made them, how they misled Plaintiff, and what Sea Ray obtained as a result. Specifically, Plaintiff's FDUTPA claim alleges that the limited written warranty provided by Sea Ray in connection with Plaintiff's purchase of the boat in November 2020 was misleading and constituted an unfair and deceptive trade practice in light of Sea Ray's alleged knowledge that the boat it supplied suffered from substantial defects that Sea Ray failed to disclose, and that Plaintiff was thereby induced to purchase the boat. The complaint is sufficiently particularized.

Sea Ray argues the complaint merely states a claim for breach of contract, rather than a FDUTPA claim. An unfair and deceptive practice under FDUTPA includes conduct such as an omission "'that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003) (quoting *Millennium Communications & Fulfillment, Inc. v. Office of the Attorney Gen.,* 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000)). "'Florida courts have recognized that a FDUTPA claim is stated where the defendant knowingly fails to disclose a material defect that diminishes a product's value.'" *Horton v. Hoosier Racing Tire Corp.*, No. 8:15-cv-1453-T-17TGW, 2015 WL 12859316, at *3 (M.D. Fla. Dec. 15, 2015) (quoting *Matthews v. Am. Honda Motor Co.*, No. 12-60630-CIV, 2012 WL 2520675, at *3 (S.D. Fla. June 6, 2012)); *see also Baker*, 2018 WL 1947433, at *6 (denying motion to dismiss FDUTPA claim in part because the complaint alleged a failure to disclose known defects in a boat sold to the plaintiff). Simply because a plaintiff alleges that the defendant breached a contract or warranty does not mean that the defendant did not also engage in an unfair and deceptive practice. *See PNR*, 842 So. 2d at 777 ("To the extent an action giving rise to a breach of contract or breach of lease may also constitute an unfair or deceptive act, such a claim is and has always been cognizable under the FDUTPA."). Sea Ray's motion to dismiss Count IV is denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants Brunswick Corporation & Sea Ray Boats, Inc.'s Motion to

Dismiss Plaintiff's Complaint" (Doc. 3) is **DENIED**.

(2) Defendants Brunswick Corporation & Sea Ray Boats, Inc., are directed to answer the complaint on or before March 16, 2022.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of March, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**